IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HASENBERG, JR., and LINDA HASENBERG, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 13-cv-1325-MJR-SCW |
| AIR & LIQUID SYSTEMS CORP., et al. ) ) | |
| Defendants. ) | |

**ORDER REGARDING PLAINTIFFS' MOTIONS**
**FOR PARTIAL VOLUNTARY DISMISSAL**

REAGAN, District Judge:

In the above-captioned lawsuit, William and Linda Hasenberg sue 35 Defendants seeking to recover for injuries William allegedly sustained from exposure to asbestos-containing products during his work in the U.S. Navy from 1968 to 1972, in a series of jobs from 1974 to 1988 (including B&L Crane Rental and auto body repair/service shops), and on personal automotive repairs from 1973 to 2013.  One of the named Defendants (Crane Co.) removed the case to this United States District Court from the Circuit Court of Madison County, Illinois.  Because removal was premised on 28 U.S.C. 1442(a)(1) and *not* 28 U.S.C. 1441(a), the requirement that all properly served defendants must join in or consent to the removal did not apply.  *See* **28 U.S.C. 1446(b)(2)(A).**

The gist of the complaint is that William experienced occupational, non-occupational, bystander, and secondary asbestos exposure as a result of direct contact with asbestos-containing products manufactured, sold, distributed or installed by

1 | P a g e

Defendants, and this exposure resulted in William developing lung cancer (Complaint, Doc. 3-2, pp. 3-5). The complaint contains six counts:

    Count I –     Negligence Count as to Manufacturers/Suppliers
    Count II –    "Willful and Wanton as to Manufacturers/Suppliers"
    Count III --   Conspiracy (against Defendants Metropolitan Life Insurance, Honeywell, International, and Pneumo Abex LLC)
    Count IV --   Negligent Spoliation of Evidence as to Manufacturers/Suppliers
    Count V –    Willful and Wanton Spoliation as to Manufacturers/Suppliers
    Count VI –   Loss of Consortium.

Various Defendants entered, answered, and otherwise responded to the complaint. Currently pending before the Court are 11 motions filed by Defendants seeking dismissal on various grounds, plus 2 motions filed by Plaintiffs seeking to voluntarily dismiss certain claims and counts. The Court now disposes of the latter two motions, as described below, but one preliminary matter bears note.

On threshold review of the case, the undersigned *sua sponte* raised the question of subject matter jurisdiction -- invoked under 28 U.S.C. 1442(a)(1), the federal officer removal statute, by Defendant Crane. The Court ordered Plaintiffs (as part of their response to a motion for more definite statement) to address subject matter jurisdiction.

Plaintiffs did so on February 10, 2014 (Doc. 78), maintaining that the removing Defendant (Crane) had satisfied only the first of the four elements needed to support the exercise of federal officer jurisdiction: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based upon federal law. ***Mesa v. California,***

**489 U.S. 121, 124-135 (1989).**[1] In the February 10th response (Doc. 78, p. 12), Plaintiffs ask the undersigned to remand the case to Madison County Circuit Court.

Under the Court's prior Order, Defendant Crane has through March 3, 2014 to file a reply brief on the jurisdictional issue, so it is premature to decide that question or to issue any *merits-based* rulings herein. However, via two pleadings, Plaintiffs seek to voluntarily dismiss certain claims herein, and that voluntary partial dismissal may be effected now.

First, in Doc. 77 (which Plaintiffs captioned as a "Stipulation" but was docketed as a motion), Plaintiffs voluntarily dismiss without prejudice Counts IV and V of their complaint *against Defendants Georgia-Pacific, LLC, Ingersoll-Rand Company, and Trane U.S., Inc.*. Those three Defendants were given an opportunity to lodge any objection to the voluntary dismissal by February 20, 2014. They did not do so. Thus Doc. 77 will be treated as a stipulation of dismissal under Rule 41(a)(1), effective without judicial approval. **Plaintiffs' claims in Counts IV and V as to Defendants <u>Georgia-Pacific, LLC</u>, <u>Ingersoll-Rand Company</u>, and <u>Trane U.S., Inc.</u> have been dismissed without prejudice.** This **RENDERS MOOT** the motion filed by these three Defendants against Count V (Doc. 12), as the count/claim is no longer directed against them.

---

[1] The United States Court of Appeals for the Seventh Circuit has stated the test for federal officer jurisdiction as requiring the removing defendant to show that it was a (1) "person" (2) "acting under" the United States, it agencies or its officers, (3) that has been sued "for or relating to any act under color of such office," and (4) has a colorable federal defense to the plaintiff's claim. *Ruppel v. CBS Corp.,* **701 F3d. 1176 (7th Cir. 2012).**

Second, in Doc. 82, Plaintiffs voluntarily dismiss Counts IV and V of their complaint against another 8 Defendants – *Continental Teves, Inc.; Flowserve Corporation; Cummins, Inc.; Gardner Denver, Inc.; Foster Wheeler Energy Corporation; Warren Pumps, LLC; Air & Liquid Systems Corporation;* and *Certainteed Corporation.* Each of those Defendants had filed a dismissal motion pending, so the Court set a February 28, 2014 deadline for any objection to Plaintiffs' voluntary dismissal of these claims. None of these Defendants objected to the voluntary dismissal. Accordingly, Doc. 82 will treated as a stipulation of dismissal under Rule 41(a)(1), effective without judicial approval. **Plaintiffs' claims in Counts IV and V as to Defendants <u>Continental Teves, Inc.</u>; <u>Flowserve Corporation</u>; <u>Cummins, Inc.</u>; <u>Gardner Denver, Inc.</u>; <u>Foster Wheeler Energy Corporation</u>; <u>Warren Pumps, LLC</u>; <u>Air & Liquid Systems Corporation</u>; and <u>Certainteed Corporation</u> have been dismissed without prejudice.** (For docketing purposes, the Court notes that other claims remain against these Defendants, and counterclaims filed by these Defendants remain as well.)

This voluntary dismissal of claims **RENDERS MOOT** the dismissal motions directed against those claims -- Docs. 28, 32, 38, 42, 46, 54, 57 and 61.

Still pending are two motions: **Doc. 64** (a motion to dismiss for lack of personal jurisdiction, filed by two Defendants – Whittaker and Clark & Daniels, Inc.) and **Doc. 88** (a motion to dismiss Counts IV and V for failure to state a claim, filed by Defendant Crane). The Court will resolve the subject matter jurisdiction issue before ruling on any motions directed to the merits of Plaintiff's case, so those two motions shall remain pending at this time.

IT IS SO ORDERED.

DATED March 1, 2014.

                                                                                         *s/ Michael J. Reagan*
                                                                                         Michael J. Reagan
                                                                                         United States District Judge