IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM HASENBERG, JR.,           )
and LINDA HASENBERG,              )
                                  )
                Plaintiffs,       )
                                  )
vs.                               )        Case No. 13-cv-1325-MJR-SCW
                                  )
AIR & LIQUID SYSTEMS CORP., et al. )
                                  )
                Defendants.       )

## ORDER REGARDING VOLUNTARY DISMISSAL
## OF DEFENDANTS AUTOZONE AND SHERWIN-WILLIAMS

REAGAN, District Judge:

William and Linda Hasenberg filed suit in Illinois state court against 35 Defendants, seeking to recover for injuries William allegedly sustained from exposure to asbestos-containing products from 1968 to 2013. On June 25, 2014, Plaintiffs' filed a stipulation for dismissal of their claims against one Defendant, The Sherwin-Williams Company (Doc. 296), and a stipulation for dismissal (erroneously docketed as a "notice" of dismissal) as to a second Defendant, AutoZone, Inc. (Doc. 295). Both stipulations are jointly signed by counsel for Plaintiffs and counsel for Defendants (Sherwin-Williams on Doc. 296, AutoZone on Doc. 295).

Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss "an action" without a court order by filing a stipulation of dismissal "signed by all parties who have appeared." Although the Rule speaks in terms of stipulations

1

signed by *all* parties who have appeared and dismissal of *actions*, federal district courts including the undersigned have permitted use of Rule 41(a)(1) to dismiss less than an entire action, especially if the dismissal will eliminate a party (or have the practical effect of ending the case by dismissing the remaining claims, etc.). **See, e.g., Myer v. Nationstar Mortg., LLC, 2014 WL 2095217 (N.D. Ind. May 19, 2014); Gatling v. Nickel, 2011 WL 2579944 (E.D. Wis. 2011). See also Chavez v. Illinois State Police, 251 F.3d 612 (7th Cir. 2001) (finding that plaintiffs' Rule 41(a)(2) dismissal of certain claims, comprising *part* of a civil rights action, barred them from appealing as to those claims; implicitly authorizing Rule 41 for dismissal of less than an entire action under appropriate circumstances); Remien v. EMC Corp., 2004 WL 2381876, *1 n.1 (N.D. Ill. 2004) (collecting Seventh Circuit cases addressing this issue).** The Rule 41(a)(1) dismissal of two Defendants herein is appropriate.

Rule 41(a) stipulated dismissals are self-effectuating and do not require judicial approval. *Jenkins v. Village of Maywood,* **506 F.3d 622, 624 (7th Cir. 2007).**

Accordingly, the undersigned District Judge acknowledges that **Plaintiffs have voluntarily dismissed their case/claims against AutoZone, Inc. without prejudice and their case/claims against The Sherwin-Williams Company without prejudice.** Plaintiffs' case shall continue as to all other named Defendants herein. The Clerk of Court shall terminate AutoZone, Inc. and The Sherwin-Williams Company as Defendants on the docket sheet and in cm/ecf.

IT IS SO ORDERED.

DATED June 26, 2014.

**s/ Michael J. Reagan**
Michael J. Reagan
United States District Judge