IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HASENBERG, JR. and LINDA HASENBERG,<br><br>             Plaintiffs,<br><br>      vs.<br><br>ASBESTOS CORPORATION LTD., ET AL.,<br><br>             Defendants. | Case No. 13-cv-01325-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on (1) Defendant Air and Liquid Systems Corporation, as successor by merger to Buffalo Pump's Motion for Summary Judgment (Doc. 342) and (2) Defendant Warren Pumps LLC's Motion for Summary Judgment (Doc. 351). For the following reasons, both motions are **DENIED**.

In this case, Plaintiff claims he was exposed to asbestos from Defendants' products during his employment with the United States Navy and that said exposure resulted in his current diagnosis. Defendants filed separate Motions for Summary Judgment arguing that Plaintiff fails to offer evidence that Defendants manufactured or distributed asbestos-containing components attached to or within pumps used at Plaintiff's work sites, that Defendants are not liable for Plaintiff's exposure to asbestos arising from components not manufactured or supplied by the respective Defendants and that the claim for Loss of Consortium must fail if Summary Judgment is granted on the products liability claims.

Plaintiff served in the United States Navy from 1968 until 1972. (Doc. 342-1 at 28). Between 1970 and 1972, Plaintiff served as a boiler technician aboard two different ships. From November 1970 through September 1971, Plaintiff served on the World War II Destroyer USS

1

Bausell. His duties as a boiler technician included changing packing and gaskets on condensate pumps. (Doc. 342-1 at 39-40). Plaintiff identified condensate pumps aboard the Bausell as being made by Buffalo and he also recalled that other pumps that he worked on aboard the ship were made by Warren. (Doc. 342-2 at 22; 27; Doc. 372-2 at 47). In September 1970, Plaintiff was transferred to the destroyer USS Sterett on which he served until July 1972. (Doc. 342-1 at 242). His duties on the Sterett were essentially the same as his duties on the Bausell. (Doc. 372-2 at 63). Plaintiff testified that many of the pumps he worked on aboard the Sterett were also made by Buffalo and Warren. (Doc. 342-2 at 22; 27)

In performing maintenance and repairs on these pumps, Plaintiff would remove packing from the pump. To accomplish this task, Plaintiff would use a hook-like tool and the packing would break apart. (Doc. 372-1 at 370; Doc. 372-2 at 71-73). Force air blowers in the engineering spaces caused the broken pieces to blow about and Plaintiff breathed the particles that came from the packing. (Doc. 372-1 at 372-373). Another task that Plaintiff performed was changing flange gaskets on the pumps. This required him to remove an old gasket with a metal scraper and wire brush. (Doc. 372-1 at 375-377). The process of removing the gasket would cause particles to become airborne and Plaintiff breathed the particles. Even when Plaintiff was not actively working on a pump, he was required to go to the engineering spaces of the ships where the pumps were located two or three times a month to take measurements or retrieve equipment. (Doc. 372-1 at 379-380). While he was in these spaces, other crew members were engaged in replacing gaskets and packing using the same techniques and tools. (Doc. 372-1 at 379-380).

Buffalo Pump provided replacement parts for the pumps it manufactured. (Doc. 372-4 at 295-296). Buffalo records indicate that it sold asbestos-containing gasket and packing material

2

to the Navy. (Doc. 372-5 at 133-134). Furthermore, Buffalo supplied the USS Bausell with at least 14 of its pumps. (Doc. 372-3 at 10-13).

Warren sold and distributed pumps to the Navy with asbestos-containing packing and gaskets. (Doc. 371-5 at 13-14, 40-41). Warren also sold replacement gaskets and packing that contained asbestos. (Doc. 371-5 at 13-14). Invoices obtained from the Navy show that Warren sold replacement parts, including gaskets, to the Navy for use aboard vessels. (Doc. 371-8 at 1-7). Further, on the Bausell, Warren always provided replacement parts for Warren condenser circulating pumps. (Doc. 371-10 at 72-73). The four Warren fire and bilge pumps on the Bausell each contained four asbestos gaskets. (Doc. 371-10 at 88-93). There were at least 9 Warren pumps aboard the Bausell. (Doc. 371-3 at 9-10). Additionally, Warren supplied the Sterett with the main condenser circulating pump. (Doc. 371-11).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

In asbestos cases, a plaintiff must show, for each defendant, that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he suffered." *Lindstrom v. AC Products Liability Trust*, 424 F.3d 488, 492 (6th Cir. 2005). A plaintiff must also show that the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged. *Campbell v. A.W. Chesterton Co.*, 2012 WL 5392779 (E.D. Pa. September 26, 2012).

> '[m]inimal exposure' to a defendant's product is insufficient. Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient. Rather, where a plaintiff relies on proof of exposure to establish that a product was a substantial factor in causing injury, the plaintiff must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.' In other words, proof of substantial exposure is required for a finding that a product was a substantial factor in causing injury.

*Id*.

Defendants argue that Plaintiff can point to no evidence that he was exposed to asbestos-containing material sold by Defendants. However, plaintiffs in asbestos cases may have to rely on circumstantial evidence, especially given the long latency periods for diseases like mesothelioma. See, e.g., *Cabasug v. Crane Co.*, 989 F. Supp. 2d 1027, 1033 (D. Haw. 2013). Here, there is sufficient circumstantial evidence of such exposure to avoid summary judgment. Plaintiff has testified that he worked on pumps manufactured by both Buffalo and Warren. He has also testified that he worked on these pumps in close range, and that he breathed particles while servicing the packing and flange gaskets. Both Buffalo and Warren's records indicate that they sold asbestos-containing replacement parts for their pumps to the U.S. Navy. Both defendants supplied pumps on the ships and it is reasonable to infer that it supplied replacement parts and materials required for the operation of the pumps. Indeed, Defendants point to no

4

evidence that the Navy purchased the replacement parts for their respective pumps from any other company.

Additionally, both defendants argue that Plaintiff's exposure to their products was not a substantial factor in the development of his disease because of the small number of times he replaced any of the asbestos-containing materials. However, they have presented no evidence that Plaintiff's exposure was not a substantial cause of Plaintiff's disease. Defendant Warren's reliance on *Moeller v. Garlock Sealing Technologies, LLC*, 660 F.3d 950, 955 (6th Cir. 2011) is misplaced. In *Moeller*, the defendant provided evidence that the plaintiff had suffered exposure from other sources. Here, Defendants have not argued or shown that Plaintiff was exposed to asbestos-containing products outside of his tenure in the Navy where he spent time in an enclosed space, within arms' reach of asbestos-containing parts performing repair and maintenance on pumps or in close proximity to others working on the pumps.

This circumstantial evidence suggests that asbestos-containing materials supplied by Defendants were used on the ships at the time of Plaintiff's service. Although Plaintiff cannot present direct evidence that Defendants manufactured or supplied the materials in question, Plaintiff's claim does not fail simply because it is impossible to locate direct evidence specifically identifying the maker of the replacement gaskets and packing that Plaintiff worked with over forty years ago. See *Quirin v. Lorillard Tobacco Co.*, 2014 WL 585090 (N.D. Ill. Feb. 14, 2014). The record contains enough circumstantial evidence to create a genuine issue of material fact. When looking at the facts in the light most favorable to the plaintiff, a reasonable jury could infer that Plaintiff was exposed to asbestos-containing products from both companies while performing his duties aboard both ships.

Accordingly, Defendant Air and Liquid Systems Corporation, as successor by merger to Buffalo Pump's Motion for Summary Judgment (Doc. 342) and Defendant Warren Pumps LLC's Motion for Summary Judgment (Doc. 351) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** March 18, 2015

    _/s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**